## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UPAID SYSTEMS, LTD.,**<br>**a British Virgin Island corporation,** ) ) ) | |
| **Plaintiff,** ) ) | **Misc. Action No. _____** |
| **v.** ) ) | |
| **SATYAM COMPUTER SERVICES, LTD.,** )<br>**an Indian corporation, and** )<br>**RAGHURAM GOVINDACHARYULA** ) ) | |
| **Defendants.** ) | |

## UPAID SYSTEMS, LTD.'S AND FOLEY & LARDNER LLP'S MOTION TO QUASH, OR IN THE ALTERNATIVE, MODIFY SUBPOENA, BRIEF IN SUPPORT AND REQUEST FOR PROTECTIVE ORDER

COME NOW Plaintiff Upaid Systems, Ltd. and Non-Party Foley & Lardner LLP ("Foley & Lardner") (jointly referred to as "Movants") pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), and file this Motion to Quash the Subpoena issued on or about June 16, 2008 by Defendant Satyam Computer Services, Ltd. ("Satyam") to Foley & Lardner, or in the alternative, Motion to Modify Subpoena, Brief in Support and Request for Protective Order.[1]

### I.
### PRELIMINARY STATEMENT

Movants seek to quash the subpoena (the "Subpoena") served upon Foley & Lardner, on behalf of Satyam, on or about June 16, 2008, requesting that responsive documents be made available for production by July 15, 2008 and that a corporate representative appear for a related deposition on September 17, 2008. Because the Subpoena is overly broad, unduly burdensome and

---

[1]  This suit is pending in the United States District Court for the Eastern District of Texas, Civil Action No. 2:07-CV-114-CE. This Motion is related to Upaid Systems, Ltd.'s and Staas & Halsey LLP's Motion to Quash, or in the Alternative, Modify Subpoena, Brief in Support and Request for a Protective Order, filed on June 20, 2008, in Case No. 1:08-mc-00392, assigned to the Hon. Ellen S. Huvelle.

calls for privileged information, Movants request that the Court quash the Subpoena. Federal Rule of Civil Procedure 45 protects a third party from subpoenas that impose an undue burden or require disclosure of trade secrets or other confidential information. Fed. R. Civ. P. 45(c)(C)(A)-(B). Alternatively, Upaid requests a modification of the Subpoena and/or an entry of a Protective Order.[2]

## II.
## FACTUAL BACKGROUND

Upaid initiated this suit against Satyam on April 4, 2007 in the Eastern District of Texas. In June 2007, Satyam filed suit against Upaid in England seeking an injunction that would prevent Upaid from proceeding with that lawsuit ("the English Proceeding"). On July 16, 2007, Satyam filed a Motion to Dismiss or Stay Upaid's Amended Complaint ("Motion to Dismiss or Stay") in the Eastern District. The English Proceeding went to trial on December 17-20, 2007 on the following issues:

(1) Whether any (and if so which) of Upaid's claims in the Texas proceedings have been finally compromised by Clauses 2.3 and 2.4 of the Settlement Agreement effective as of 31 December 2002?

(2) Whether any (and if so which) of Upaid's claims fall within the scope of the English jurisdiction clause contained in Clause 4 (c) of the Settlement Agreement?

(3) Whether Satyam is entitled to a final injunction as claimed in the Particulars of Claim?

The English Court entered its Judgment on January 17, 2008 in favor of Upaid. Satyam then appealed, and the English Court of Appeals entered its Judgment on May 9, 2008.

---

[2] On May 20, 2008, Counsel for Upaid agreed to enter into a Protective Order with Counsel for Satyam and requested a draft be prepared. Although promised, no draft has yet been received by Upaid.

Satyam lost on all issues at the trial court level and on the appeal. In addition, the court of appeals held that no injunction of the Texas proceeding was necessary. Since losing its appeal, in the past few weeks, Satyam's counsel has issued substantially similar subpoenas to three law firms involved in this matter – Staas & Haley LLP, Patton Boggs LLP and Foley & Lardner. A copy of the Foley & Lardner Subpoena is attached as Exhibit A and incorporated herein for all purposes by reference. The Subpoena is exceptionally broad in scope. It includes fifteen subject matters for a deposition and forty-two document requests that call for the production of not only the documents related to the Assignment Agreement, Services Agreement and Settlement Agreement at issue, but also an array of privileged and/or confidential information. Specifically, the Subpoena asks for any and everything "relating to Upaid's claims in the Infringement Action." In addition, the Subpoena to Foley & Lardner commands the law firm testify on:

- The Patent Purchase Agreement, including all prior drafts . . . and communications between Upaid [and] Upaid's counsel;

- Communications and meetings between attorneys from Foley & Lardner LLP or other attorneys engaged by Upaid and employees or former employees of Satyam in India or elsewhere; and

- Upaid's efforts leading up to the filing of the '947, '316, '632 and '087 patents, including the filing of provisional patent applications underlying the '947, '316, '632 and '087 Patents.

The requested documents include a time period from January 1, 1998 and call for:

- All Communications or Documents relating to Upaid's claims in the Infringement Action;

481762

- All Communications or Documents relating to the August 15, 2006 Letter (from Foley & Lardner counsel);

- All Communications or Documents that relate to Satyam;

- All pleadings in the Infringement Action;

- All Communications or Documents relating to the settlement or potential settlement of the Infringement Action, including: (1) settlement negotiations, (2) mediation submissions or proceedings, if any, (3) Verizon's decision to enter into the Infringement Action Settlement Agreement, (4) Upaid's decision to enter into the Infringement Action Settlement Agreement, and (5) the Infringement Action Settlement Agreement;

- All Communications or Documents relating to (1) Verizon's decision to file the Joint Motion to Dismiss; and (2) the Joint Motion to Dismiss;

- All Communications with Upaid or its counsel at any time;

- All Communications or Documents relating to Upaid's claims in the Action;

- All Communications or Documents that relate to work done by attorneys for Upaid at Satyam's offices in India or elsewhere, including without limitation memoranda, hand-written notes, e-mails, fax logs, travel logs, memos, expense reports, shipping receipts, and international and domestic mail receipts;

- All Communications with any individual in India relating to patents or Satyam;

- All Communications or Documents that relate to work done by attorneys for Upaid relating, including divisions, continuations or continuations-in-part, in any way to the '947, '316, '632 and/or '087 Patents, including without limitation

memoranda, hand-written notes, emails, fax logs, travel logs, memos, expense reports, shipping receipts, and international and domestic mail receipts;

- All Communications or Documents relating to the Assignment Agreement, the Services Agreement, the Settlement Agreement, the 1999 Inventor Assignments, the 2001 Inventor Assignments or the Combined Declaration, including without limitation all drafts, mark-ups, notes and emails relating to those documents;

- All Communications or Documents relating to Upaid's or Upaid's attorneys' work in connection with the '947, '316, '632, and/or '087 Patents, including any provisional patent applications or other documentation; and

- All Communications or Documents relating to Drew Chafetz or Marc Chafetz.

As shown above and in the attached Subpoena, the overbreadth of the document requests alone is a sufficient reason to quash the Subpoena. Beyond the issue of its overbreadth, however, the Subpoena should be quashed because it imposes an entirely undue burden on Foley & Lardner insofar as it requests documents that are nearly entirely covered by the attorney work product doctrine or the trade secret privilege. The Subpoena amounts to nothing more than an undue burden on and harassment of Foley & Lardner, with little, if any, countervailing benefit to Satyam.

### III.
### ARGUMENT & AUTHORITIES

**A.  The Court Should Quash Satyam's Subpoena to Foley & Lardner Because the Subpoena Seeks Privileged Information and Satyam Has Not Made-and Cannot Make-the Showing Required by *Nguyen*.**

**1.  Subpoena calls for blanket production of information protected under the work product privilege.**

481762

Satyam's Subpoena is directed to the prior attorneys for parties in the case and calls for the production of documents protected from disclosure by the attorney-client and attorney-work-product privileges. This undisputed fact alone establishes that this Court must quash the Subpoena. Fed. R. Civ. P. 45 (3)(A) (noting that courts "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter if no exception or waiver applies"). Satyam cannot show that any exception or waiver applies and Upaid has made no such waiver.

In addition to the protection afforded by Rule 45 (3)(A), the Fifth Circuit has limited the ability of a party to take discovery from an opponent's attorneys. In *Nguyen v. Excel Corp.,* 197 F.3d 200, 208 (5th Cir. 1999), the Fifth Circuit limited the circumstances in which courts should allow depositions of opposing counsel to these: (1) no other means exist to obtain the information [than to depose opposing counsel]; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Nguyen,* 197 F.3d at 208. This limitation on discovery from attorneys has been extended to apply to subpoenas. *Wilson v. Scruggs,* No. Civ. A. 3:02CV525LN, 2003 WL 23521358 at *2 (S.D. Miss. April 10, 2003) (quashing subpoena to attorneys of defendants where party seeking discovery made no showing that no other means existed to obtain the information).

In *Wilson,* defendants filed a motion to quash subpoenas to various attorneys. *Id* at *1. The information sought included matters that resulted from the attorney client relationship between the subpoenaed attorneys and the defendants who filed the motion to quash and would be potentially privileged. *Id.* The court reiterated the sentiment, previously articulated by several other courts, that discovery from opposing counsel is discouraged, as it disrupts the adversarial process and lowers the standards of the profession. *Id.* (citations omitted). The *Wilson* court then found that, "because of the importance attached to protecting the attorney-

client privilege," the subpoenas should be quashed given the party's failure to meet the three-pronged test set forth in *Nguyen. Id.*

Here, as in *Wilson,* Satyam cannot demonstrate that the Subpoena to Foley & Lardner satisfies the *Nguyen* test for determining whether discovery to an opponent's attorneys is permissible. Specifically, Satyam has not even attempted to show that no other means exist to obtain the information, that the information sought is relevant and non-privileged, and that it is crucial to the preparation of this case. *Id.* (citing *Nguyen,* 197 F.3d at 208). Indeed, Satyam *cannot* make these showings because the non-privileged information sought in the Subpoena to Foley & Lardner is exactly the information it has already sought from Upaid through requests for production or is available from the patent office. Much of this information will be produced by Upaid, has already been produced in the English proceedings or is available publicly through the patent office. Satyam has not indicated that production from Upaid itself and/or the patent office is deficient or does not include the sufficient responsive documents it may need related to the patents. Satyam simply cannot show that no other means exist to obtain the requested non-privileged information.

Furthermore, in this Subpoena, Satyam has requested notes from Upaid's counsel on a variety of subjects. It is settled law that "notes, as distinguished from verbatim transcripts or first-person statements, are properly treated as opinion work product because, in choosing what to write down and what to omit, a lawyer necessarily reveals his mental processes." *Director of the Office of Thrift Supervision v. Vinson & Elkins, LLP,* 168 F.R.D. 445, 446-47 (D.D.C. 1996); *see also Securities & Exchange Comm'n v. Cavanagh,* No. 98 Civ. 1818 (DLC), 1998 WL 132842 at *2 (S.D.N.Y. March 23, 1998) (notes taken by SEC lawyers during interviews "fall squarely within the protections of the work product doctrine"); *accord In re Grand Jury*

*Proceedings, 473* F.2d 840, 848 (8th Cir. 1973) ("It is clear that [an attorney's] personal recollections, notes, and memoranda pertaining to his conversations with nonemployees of his client are within the rubric of the work product definition.").

In fact, as the United States Supreme Court has observed, "[f]orcing an attorney to disclose notes and memoranda . . . is particularly disfavored." *Upjohn Co. v. United States,* 449 U.S. 383, 399 (1981). The Supreme Court has stated that "this is the sort of material the draftsman of [Rule 26(b)(3)] had in mind as deserving special protection." *Id.* Accordingly, in *Upjohn,* the Court found that a "far stronger showing of necessity and unavailability by other means ... would be necessary to compel disclosure" of notes and memoranda prepared based on oral statements by witnesses. *See Id.* at 401-402; *see also In re Sealed Case,* 856 F.2d 268, 273 (D.C. Cir. 1988) ("[A] far stronger showing is required than the 'substantial need' and 'without undue hardship' standard applicable to discovery of work-product protected documents and other tangible things"). The same standard applies to requests to take the deposition of an attorney on his or her unrecorded recollections. *See Cavanagh,* 1998 WL 132842 at *3 ("[t]he same analysis precludes the noticed depositions of the SEC lawyers from the proceeding"); *Vinson & Elkins,* 168 F.R.D. at 448 ("What lawyers remember is just as privileged as what they write down.").

The disclosure Satyam seeks here - forcing Upaid's counsel to disclose their notes and memoranda related to the patents underlying this case - is particularly disfavored, and such material is to be accorded "special protection." *Upjohn,* 449 U.S. at 399. Simply put, Satyam cannot make the heightened showing of necessity to warrant disclosure of the materials prepared by, or the recollections of, Upaid's counsel.

In short, Satyam has not demonstrated the "strong showing" of necessity and unavailability that are required to justify the disclosure of attorney work product sought by the

481762

Subpoena. The Subpoena, accordingly, must be quashed. *See In re Grand Jury Subpoena Dated October 22, 2001,* 282 F.3d 156,160-162 (2d Cir. 2002) (reversing the lower court's denial of a motion to quash a subpoena summoning an attorney to testify about statements made by his client to IRS agents during an interview); *United States v. Paxson,* 861 F.2d 730, 735-36 (2d Cir. 1988) (D.C. Cir. 1988) (affirming decision of lower court to quash a subpoena for notes and testimony of a lawyer concerning an interview of the lawyer's client by the Department of Justice); *Cavanagh,* 1998 WL 132842 at *4 (granting motion for a protective order prohibiting discovery of an SEC staff attorney's notes and recollections concerning an interview of a witness); *Vinson & Elkins,* 168 F.R.D. at 448 (finding that a subpoena for the notes and testimony of a lawyer regarding statements made by the lawyer's client during an interview by the FDIC constituted "an abuse of process"). Accordingly, this Court should quash Satyam's Subpoena to Foley & Lardner.

>    2.    **Subpoena calls for confidential and/or trade secret information.**

Furthermore, Federal Rule of Civil Procedure 45 protects a third party from subpoenas that impose an undue burden or require disclosure of confidential information. Fed. R. Civ. P. 45(c)(1), (3) (A)-(B). Satyam's Subpoena to Foley & Lardner seeks confidential or proprietary information about Upaid's patents. Satyam has not shown that such confidential or proprietary information has been made available publicly to other sources or is required for defense of the causes of action presented in the Second Amended Complaint on file with the Court. Satyam further has not entered into a Protective Order related to production of responsive documents.

**B.    The Court Should Quash Satyam's Subpoena to Foley & Lardner Because it is Unduly Burdensome.**

Concern for the burden thrust upon non-parties is a factor entitled to special weight in evaluating the burden on the parties, and the Court by which a subpoena is issued "shall quash or

modify the subpoena if it ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003) (finding a significant burden where a nonparty subpoena "encompassed a decade's worth of material in that it asked for 'all documents received, reviewed or generated' by non-party relating to 'any type of business affiliation' with [a named party]"); *Church of Scientology of Boston v. IRS,* 138 F.R.D. 9, 10 (D. Mass 1990) ("[A] court that issues a subpoena has the inherent power to vacate it.").

Federal Rule of Civil Procedure 26(c) authorizes this court upon motion by a party or by the person from whom discovery is sought, and for good cause shown, to enter a protective order prohibiting or limiting discovery or ordering that discovery be had only on specified terms and conditions. Fed. R. Civ. P. 26(c). A protective order is appropriate when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

Additionally, Federal Rule of Civil Procedure 45, which governs the use of subpoenas, requires a party or an attorney responsible for the issuance and service of a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Rule 45 further provides that a court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter if no exception or waiver applies, or ... subjects a person to undue burden." Fed. R. Civ. P. 45(c )(3) (A).

Whether a burdensome subpoena is reasonable must be determined according to the facts of each case, such as the party's need for the documents and the nature and importance of the litigation. To determine whether the subpoena presents and undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request;

481762

(5) the particularity with which the party describes the requested document and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expressed inconvenience to the non-party. *Wiwa v. Royal Dutch Peroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004). As a matter of law, "[u]ndue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998).

Here, Satyam's counsel plainly failed to comply with the mandate of Rule 45(c)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." The Subpoena to Foley & Lardner is not merely overbroad – it calls for information protected by the attorney work product privilege and trade secret information. In light of this fact, the subpoena to Foley & Lardner serves no purpose other than to harass. The Subpoena constitutes an undue burden on Foley & Lardner, and Satyam cannot show that it has a countervailing need to obtain the requested documents through a subpoena to Foley & Lardner, let alone that it took "reasonable steps to avoid imposing an undue burden or expense" on Foley & Lardner when it issued the subpoena. Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Civ. P. 45(c)(1). Accordingly, this Court should quash Satyam's Subpoena to Foley & Lardner on the grounds that it imposes on Foley & Lardner an undue burden and expense. *See* Fed. R. Civ. P. 26(b)(2); 26(c); *see also, e.g., Will-Drill Resources, Inc. v. J.R. Pounds, Inc.,* No. 2:06cv64-KS-MTP, 2007 WL 609791 at *2-3 (S.D. Miss. February 23, 2007) (party who has right or privilege to documents in question has standing to object to scope and burden of subpoena to third party). This is especially the case since the Subpoena was recently served and documents spanning for several years are requested to be provided by July 15, 2008.

**Page 11**

**C.    The Court Should Quash Satyam's Subpoena to Foley & Lardner because it is Unduly Burdensome to Upaid.**

Upaid objects to the overbreadth of the Subpoena for the same reasons as Foley & Lardner stated above.  In summary, Upaid objects to the Subpoena for the following reasons:

- The Subpoena calls for information not relevant to the causes of action listed in the Second Amended Complaint on file with the Court;

- The Subpoena does not allow reasonable time for compliance because it asks for thousands of documents to be produced by July 15, 2008 (Fed. R. Civ. P. 45(c)(3)(A)(i));

- The Subpoena requires disclosure of privileged or protected material from Upaid, and no exemption or waiver applies (Fed. R. Civ. P. 45(c)(3)(A)(iii));

- The Subpoena subjects Foley & Lardner to an undue burden (Fed. R. Civ. P. 45(c)(3)(A)(iv));

- The Subpoena requires disclosure of Upaid's trade secrets or other confidential information (Fed. R. Civ. P. 45(c)(3)(B)(i));

- An inadequate witness fee was attached to the Subpoena pursuant to 28 U.S.C. 1821 (b) – (c); and

- No mileage allowance was attached to the Subpoena or addressed.

Therefore Upaid requests that the Subpoena to Foley & Lardner be quashed.

### IV.
### CONCLUSION

For each and all of the foregoing reasons, Foley & Lardner and Upaid move for a protective order under Rule 26(c) quashing the June 16, 2008 subpoena issued by Satyam to

481762

Foley & Lardner. Additionally, Foley & Lardner and Upaid move the Court to quash the June 16, 2008 subpoena to Foley & Lardner under Rule 45(c)(3).

Dated: July 1, 2008.

Respectfully submitted,

PATTON BOGGS LLP

D. Patrick Long
State Bar No. 12155500
dlong@pattonboggs.com
Jennifer L. Keefe
State Bar No. 90001247
jkeefe@pattonboggs.com
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
(214) 758-1500 (telephone)
(214) 758-1550 (facsimile)

Guy N. Harrison
State Bar No. 00000077
217 N. Center Street
Longview, Texas 75601
(903) 758-7361 (telephone)
(903) 753-9557 (facsimile)

ATTORNEYS FOR PLAINTIFF
UPAID SYSTEMS, LTD. AND
FOLEY & LARDNER, LLP

OF COUNSEL:
John J. Feldhaus
Andrew E. Rawlins
Foley & Lardner LLP
Suite 500, Washington Harbour
3000 K Street, N.W.
Washington, DC 20007-5109
(202) 672-5300 (telephone)
(202) 672-5399 (facsimile)

481762

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she has conducted a conference with counsel of record on June 19, 2008 and they do not agree with the relief set forth in this motion.

Jennifer L. Keefe

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record are being served with a copy of this document via electronic mail and/or facsimile on July 1, 2008.

Jennifer L. Keefe

481762

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **UPAID SYSTEMS, LTD.,**<br>a British Virgin Islands corporation<br><br>Plaintiff,<br><br>v.<br><br>**SATYAM COMPUTER SERVICES, LTD.,**<br>an Indian corporation, and **RAGHURAM**<br>**GOVINDACHARYULA,**<br><br>Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Nos. 2-07-CV-114-CE*<br><br>*Pending in United States District Court for<br>the Eastern District of Texas |

To:    Foley & Lardner LLP
       Suite 500
       Washington Harbor
       3000 K Street, N.W.
       Washington, D.C. 20007-5109

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case on the topics identified in Schedule A. The deposition will be recorded stenographically and by
    sound and visual recording.

| PLACE OF DEPOSITION<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Attention: Andrew J. Rossman<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | DATE AND TIME<br>Wednesday, September 17, 2008 at<br>9 a.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the documents and objects described in
    Schedule B at the place, date, and time specified below:

| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Attention: Andrew J. Rossman<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | Tuesday, July 15, 2008 at 9 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (Indicate if attorney for Plaintiff or Defendant) | DATE 6/16/2008 |
|---|---|
| Attorney for Defendant Satyam Computer Services, Ltd. | June 16, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sanford E. Warren, Esq.
Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX  75201-4675  (214) 969-2877

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Next Page)

Jun 17 2008 5:38PM                    202-887-0702                    p.4

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | June 17, 2008 at 3:39 pm | 3000 K Street NW #500 Washington, DC 20007 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Burrell, Authorized Representative | PERSONAL including $42.00 witness fee |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Lorenzo Kenerson | Private Process Server |

## DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     June 17, 2008

_____            _____
DATE                              SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e) as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(e) CONTEMPT.

**Issued by the**
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **UPAID SYSTEMS, LTD.,**<br>  a British Virgin Islands corporation<br><br>    **Plaintiff,**<br><br>v.<br><br>**SATYAM COMPUTER SERVICES, LTD.,**<br>an Indian corporation, and **RAGHURAM**<br>**GOVINDACHARYULA,**<br><br><br>    **Defendants.** | **SUBPOENA IN A CIVIL CASE**<br><br>**Case Nos. 2-07-CV-114-CE\***<br><br>\*Pending in United States District Court for<br> the Eastern District of Texas |

To:    **Foley & Lardner LLP**
       **Suite 500**
       **Washington Harbor**
       **3000 K Street, N.W.**
       **Washington, D.C. 20007-5109**

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics identified in Schedule A. The deposition will be recorded stenographically and by sound and visual recording.

| PLACE OF DEPOSITION<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>Attention: Andrew J. Rossman<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | DATE AND TIME<br>Wednesday, September 17, 2008 at<br>9 a.m. |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the documents and objects described in Schedule B at the place, date, and time specified below:

| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Attention: Andrew J. Rossman<br>Robert S. Strauss Building<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036-1564 | Tuesday, July 15, 2008 at 9 a.m. |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

         Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Attorney for Defendant Satyam Computer Services, Ltd. | June 16, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sanford E. Warren, Esq.
Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX  75201-4675  (214) 969-2877

(See Rule 45, Federal Rules of Civil Procedure, Parts C, D & E on Next Page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e) as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue

hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**SCHEDULE A**

**DEPOSITION TOPICS**

This Subpoena names as the deponent a private corporation or partnership or association. Pursuant to Federal Rule of Civil Procedure 30(b)(6), Foley & Lardner LLP is required to identify and produce for deposition one or more officers, directors, managing agents, or other agents and employees to testify on its behalf, who are most knowledgeable as to the following matters known and reasonably available to Foley & Lardner LLP:

(1) the Infringement Action, including, but not limited to, evidence supporting Upaid's claim for infringement of the '947, '316 and/or '632 Patents against Verizon Wireless and Qualcomm;

(2) the Infringement Action Settlement Agreement, the Patent Purchase Agreement, and the Patent Assignment;

(3) the Joint Motion to Dismiss;

(4) the value ascribed to the patent rights that were transferred pursuant to the Patent Purchase Agreement and the Patent Assignment;

(5) the Patent Purchase Agreement, including all prior drafts of that Agreement, and communications between Upaid, Upaid's counsel, Verizon Wireless and/or Mambakkam relating in any way to the Patent Purchase Agreement;

(6) Verizon Wireless' offer of employment to Mambakkam, including Verizon Wireless' payment and/or reimbursement of Mambakkam's relocation expenses, and Verizon Wireless' decision to offer Mambakkam a "welcome home" package and any other payments made to him;

(7) the alleged forgeries of the signatures of Mambakkam, Govind, or any other Satyam employee or former employee on documents relating to the '947, '316, '632 and/or '087 Patents;

(8) the circumstances surrounding and consequences of the August 15, 2006 Letter;

(9) the drafting and negotiation of the Assignment Agreement, Services Agreement, and Settlement Agreement;

(10) Upaid's efforts leading up to the filing of the '947, '316, '632, and '087 Patents, including the filing of provisional patent applications underlying the '947, '316, '632, and '087 Patents; and

(11) the respective roles of Upaid, including Upaid's lawyers, employees or agents, and Satyam in collecting and executing the documents necessary to support the applications for '947, '316, '632, and '087 Patents, including the filing of provisional patent applications underlying the '947, '316, '632, and '087 Patents;

(12) communications and meetings between attorneys from Foley & Lardner LLP or other attorneys engaged by Upaid and employees or former employees of Satyam in India or elsewhere;

(13) communications and meetings between Mambakkam and/or Govind and Foley & Lardner LLP or other attorneys engaged by Upaid;

(14) Foley & Lardner LLP's invoices relating to its communications with Mambakkam, Govind and employees or former employees of Satyam in India or elsewhere; and

(15) documents that Foley & Lardner LLP or other attorneys engaged by Upaid provided to Mambakkam and/or Govind.

You are requested to provide to the undersigned counsel for Satyam a written designation of the name(s) and employment title(s) of the person(s) designated to testify on its behalf. Such written designation is requested at least two weeks before the first deposition scheduled as a result of this Subpoena.

## SCHEDULE B

## DEFINITIONS

1. "Foley & Lardner," "You" or "Your" shall mean and include any of the following entities, either individually or collectively: Foley & Lardner LLP, any affiliated entities, predecessors-in-interest, employees or agents.

2. "Satyam" shall mean and include any of the following entities, either individually or collectively: Satyam Computer Services, Ltd., any affiliated entities, predecessors-in-interest, employees or agents.

3. "Upaid" shall mean and include any of the following entities, either individually or collectively: Upaid Systems, Ltd., any affiliated entities, predecessors-in-interest, employees or agents.

4. The "Action" shall mean the matter styled *Upaid Systems, Ltd. v. Satyam Computer Services, Ltd.*, Case No. 2:07-CV-114, in the United States District Court for the Eastern District of Texas.

5. The "Infringement Action" shall mean the matter styled *Upaid Systems, Ltd. v. QUALCOMM Incorporated and Cellco Partnership d/b/a Verizon Wireless,* Case No. 2:05-CV-346 (LED) formerly pending in the United States District Court for the Eastern District of Texas.

6. "Verizon Wireless" shall mean and include Cellco Partnership d/b/a Verizon Wireless and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

7. "Qualcomm" shall mean and include QUALCOMM Incorporated and any and all predecessors, successors, subsidiaries, parents, affiliates, divisions and acquired companies thereof, and any directors, officers, agents, partners, employees, attorneys and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, any of them.

8. "Mambakkam" shall mean Ramkumar Mambakkam, a former Satyam employee and an inventor of the '947 and '632 Patents.

9. "Govind" shall mean Raghuram Govindacharyula, a former Satyam employee and an inventor of the '947 and '632 Patents.

3

10.  "'947 Patent" shall mean U.S. Patent No. 6,320,947 which was filed on September 14, 1999 and asserted in the Infringement Action.

11.  "'316 Patent" shall mean U.S. Patent No. 6,381,316 which was filed on April 3, 2002 and is claimed to be a continuation of the '947 Patent.

12.  "'632 Patent" shall mean U.S. Patent No. 6,714,632 which was filed on May 9, 2001 and asserted in the Infringement Action.

13.  "'087 Patent" shall mean U.S. Patent No. 7,308,087 which was filed on October 15, 2003 and is claimed to be a continuation of the '632 Patent.

14.  "Assignment Agreement" shall mean the two-page agreement that transferred ownership in software created by Satyam to Upaid and was signed by Srini Raju, on behalf of Satyam, and Marc Chafetz, on behalf of Upaid, on September 11, 1998.

15.  "Services Agreement" shall mean the agreement signed by Venkataramani Murali, on behalf of Satyam, and Marc Chafetz, on behalf of Upaid, on May 19, 1999.

16.  "Settlement Agreement" shall mean the agreement signed by B. Rama Raju, on behalf of Satyam, and Simon Joyce, on behalf of Upaid, on December 31, 2002.

17.  "1999 Inventor Assignments" shall mean any document pursuant to which any employee or former employee of Satyam transferred to Satyam their rights in work that they completed as Satyam employees and which related to the filing of the Provisional Application Serial No. 60/100,470 on September 15, 1998.

18.  "2001 Inventor Assignments" shall mean any document pursuant to which any employee or former employee of Satyam transferred to Satyam their rights in work that they completed as Satyam employees and which related to the filing of an application for United States Letters Patent, Serial No. 09/894,890 on June 29, 2001.

4

19. "Combined Declaration" shall mean the document titled Combined Declaration/Power of Attorney for Utility/ Design Patent Application that was signed in or around October 1999 by purported inventors in support of United States Application Number 09/395,868, which was filed on September 14, 1998.

20. "Infringement Action Settlement Agreement" shall mean the agreement entered into on April 3, 2007, by and between Cellco Partnership d/b/a Verizon Wireless and Upaid.

21. "Joint Motion to Dismiss" shall mean the Joint Motion to Dismiss with Prejudice filed in the Infringement Action by attorneys for Verizon Wireless and Upaid on April 3, 2007.

22. "Patent Purchase Agreement" shall mean the agreement entered into by Verizon Wireless and Mambakkam on November 29, 2006, pursuant to which Mambakkam sold his interest in the '947 and '632 Patents to Verizon Wireless.

23. "Patent Assignment" shall mean the agreement entered into by Verizon Wireless and Upaid, pursuant to which Verizon Wireless sold its interest in the '947 and '632 Patents to Upaid.

24. "Mambakkam Declaration" shall mean the declaration executed by Mambakkam and filed on March 7, 2007 in the Infringement Action.

25. "Govind Declaration" shall mean the declaration executed by Govind and filed on March 7, 2007 in the Infringement Action.

26. "August 15, 2006 Letter" shall mean the letter sent by Upaid's lawyer Mr. John Feldhaus of Foley & Lardner LLP to Qualcomm's lawyer Mr. Stephen Swinton of Latham & Watkins offering to dismiss Upaid's claims against Qualcomm in the Infringement Action.

27. As used herein, "Document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure.

28. The term "Communication" means any exchange of information by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile or telex.

29. "Relate to," "related to," or "relating to" shall mean, without limitation, to consist of, refer to, evidence, describe, reflect, memorialize or otherwise be in any way legally, logically or factually connected with the 'subject matter discussed. Requests for documents "relating to" or "in relation to" any subject matter include Communications regarding that subject matter. Requests for documents "relating to" or "in relation to" any person or entity include Communications regarding that person or entity, as well as Communications with that person or entity.

30. "Person" includes a natural person or any business, legal, or government entity or association.

31. "Identify," when used in reference to:

    a. a natural person, shall mean to state the person's full name, present or last-known home address and telephone number, present or last-known job title, employment address and telephone number.

    b. any other person, shall mean to state the person's full name and present or last known-address (designating which); and

    c. a document, shall mean to describe the document by date, author(s), addressee(s), recipient(s), title and general subject matter and content.

### Instructions

    A.    The preceding definitions, and any applicable Federal Rules of Civil Procedure, apply to these instructions and each of the requests.

    B.    These requests are to be considered continuing in nature and require you to supplement your responses to the fullest extent required by any applicable law or rule.

6

C.     You are required to obtain and furnish all information available to you and to any of your attorneys, representatives, agents, employees, or accountants, and to obtain and furnish all information that is in your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of any of your attorneys, representatives, agents, employees, or accountants.

D.     All phrases following the terms "including without limitation" are intended to illustrate the kinds of documents responsive to the request. Such examples are not intended to be exhaustive of the documents sought and shall not be read to limit the scope of the request.

E.     References to the singular include the plural, and references to the plural include the singular to construe the requests in their broadest permissible form.

F.     The masculine form of a noun or pronoun includes the feminine form and the feminine form of a noun or pronoun includes the masculine form to construe the requests in their broadest permissible form.

G.     Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for the purposes of limitation.

H.     In the event that any information or document is withheld or not identified under a claim of privilege, immunity, or otherwise, identify each such document and state:

     i.     the nature of the privilege asserted;

     ii.     the identity of the attorney with respect to whom the privilege is claimed;

     iii.     the basis for claiming the privilege as to the specific information;

     iv.     in the event any privilege is claimed with respect to a document requested or requested to be identified, set forth in writing a statement identifying each such document by

7

author, addressee, persons to whom copies were furnished, and date together with a description of the subject matter of each such document;

v.    if any privilege is claimed with respect to any information, identify each person who has had knowledge of such information, and to whom such information has been communicated in any way, at any time.

I.    If any portion of any document is responsive, the entire document shall be produced. Moreover, if only a part of a document is protected by any privilege, the document shall be produced with only the privileged matter redacted.

J.    Documents shall be produced in the order in which they are found in a person's files and shall not be rearranged. Documents that are found stapled, clipped or otherwise fastened together shall be produced in such form. Moreover, if the documents are kept in a file with a file label, a copy of that label shall be produced together with the documents in the file.

K.    If any document responsive to these requests once existed, but has been destroyed, discarded, or is otherwise not capable of being produced, furnish a list specifying each such document, why such document is not capable of being produced and setting forth the date of the document, a description of the document, the name and address of each person who prepared and received the document, the date and manner of disposal of the document and persons currently in possession or likely to be in possession of copies of the document.

L.    The originals of all documents that purport to contain a signature of a former or current Satyam employee should be made available for inspection.

M.    Unless otherwise specified, this request for documents shall include the period beginning January 1, 1998 through the date on which the answers in response hereto are made.

8

## REQUESTED DOCUMENTS

### REQUEST NO. 1:

All Communications or Documents relating to Upaid's claims in the Infringement Action.

### REQUEST NO. 2:

All Communications or Documents relating to the August 15, 2006 Letter.

### REQUEST NO. 3:

All Communications or Documents that relate to Satyam.

### REQUEST NO. 4:

All Communications or Documents relating to any current or former Satyam employee, including witness statements, memoranda, handwritten notes, or audio or video recordings.

### REQUEST NO. 5:

All Documents that were produced to or served upon Upaid during the discovery phase of the Infringment Action, including expert discovery such as expert reports and supporting documentation.

### REQUEST NO. 6:

All transcripts and exhibits of all depositions taken in the Infringement Action.

### REQUEST NO. 7:

All pleadings in the Infringement Action.

### REQUEST NO. 8:

All Communications or Documents relating to the settlement or potential settlement of the Infringement Action, including: (1) settlement negotiations, (2) mediation submissions or proceedings, if any, (3) Verizon's decision to enter into the Infringement Action Settlement Agreement, (4) Upaid's decision to enter into the Infringement Action Settlement Agreement, and (5) the Infringement Action Settlement Agreement.

### REQUEST NO. 9:

All Communications or Documents relating to: (1) Verizon's decision to file the Joint Motion to Dismiss; and (2) the Joint Motion to Dismiss.

9

**REQUEST NO. 10:**

All Communications or Documents relating to the Patent Purchase Agreement or Patent Assignment.

**REQUEST NO. 11:**

All Communications with Upaid or its counsel at any time.

**REQUEST NO. 12:**

All Communications or Documents relating to the value, if any, ascribed to the patent rights that were transferred pursuant to the Patent Purchase Agreement and the Patent Assignment.

**REQUEST NO. 13:**

All Communications or Documents relating to (1) the value of the '947, '316, '632, and '087 Patents and (2) actual or potential damages for Upaid's infringement claims, if any.

**REQUEST NO. 14:**

All Communications or Documents, including filings, with the United States Patent and Trademark Office relating to the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 15:**

Demand letters or other correspondence with third parties asserting infringement of the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 16:**

All Communications or Documents relating to any valuation of Upaid's claims in the Infringement Action.

**REQUEST NO. 17:**

All Communications or Documents relating to Verizon's offer of employment to Mambakkam, including documents relating to the payment and/or reimbursement of his expenses relating to his move to India.

**REQUEST NO. 18:**

All Communications or Documents relating to the alleged forgeries of the signatures of Mambakkam, Govind or any other Satyam employee or former employee on documents relating to the '947, '316, '632, and/or '087 Patents.

10

**REQUEST NO. 19:**

All Communications or Documents relating to Upaid's claims in the Action.

**REQUEST NO. 20:**

All Communications or Documents relating to any efforts by Upaid or Upaid's attorneys or agents to determine whether the signature of any Satyam employee or former employee on documents relating to the '947, '316, '632, and/or '087 Patents were forged.

**REQUEST NO. 21:**

All Communications or Documents relating to any efforts by Upaid or Upaid's attorneys or agents to fix, repair, or remedy documents relating to the '947, '316, '632, and/or '087 Patents due to concern that signatures of any Satyam employee or former employee may not be legitimate.

**REQUEST NO. 22:**

All Communications or Documents relating to Satyam, Mambakkam, Govind, or any other Satyam employee or former employee.

**REQUEST NO. 23:**

All Communications or Documents that relate to work done by any attorneys for Upaid at Satyam's offices in India or elsewhere, including without limitation memoranda, hand-written notes, emails, fax logs, travel logs, memos, expense reports, shipping receipts, and international and domestic mail receipts.

**REQUEST NO. 24:**

All Communications with any individual in India relating to patents or Satyam.

**REQUEST NO. 25:**

All Communications or Documents that relate to work done by any attorneys for Upaid relating, including divisions, continuations or continuations-in-part, in any way to the '947, '316, '632, and/or '087 Patents, including without limitation memoranda, hand-written notes, emails, fax logs, travel logs, memos, expense reports, shipping receipts, and international and domestic mail receipts.

**REQUEST NO. 26:**

All Communications or Documents relating to the preparation or review of documents relating to the '947, '316, '632, and/or '087 Patents, including, but not limited to, (i) the collection of signatures on the 1999 Inventor Assignments, the 2001 Inventor Assignments or the Combined Declaration, and (ii) the patent review process that Upaid undertook after 2001.

11

**REQUEST NO. 27:**

All Communications or Documents relating to (i) the delivery of the 1999 Inventor Assignments, the 2001 Inventor Assignments or the Combined Declaration to Upaid, or (ii) the patent review process that Upaid undertook after 2001.

**REQUEST NO. 28:**

All Communications or Documents relating to the Assignment Agreement, the Services Agreement, the Settlement Agreement, the 1999 Inventor Assignments, the 2001 Inventor Assignments or the Combined Declaration, including without limitation all drafts, mark-ups, notes and emails relating to those documents.

**REQUEST NO. 29:**

All Communications or Documents relating to the efforts of Upaid to prepare and prosecute the '947, '316, '632, and/or '087 Patents, including any provisional patent applications, utility applications, filings and correspondence with the United States Patent and Trademark Office or other related documentation.

**REQUEST NO. 30:**

All Communications or Documents relating to Upaid's or Upaid's attorneys' work in connection with the '947, '316, '632, and/or '087 Patents, including any provisional patent applications or other documentation.

**REQUEST NO. 31:**

All Communications or Documents reviewed and/or used by the 30(b)(6) witness designated on Your behalf to prepare for the 30(b)(6) deposition noticed herewith.

**REQUEST NO. 32:**

All Communications or Documents relating to any licenses of the '947, '316, '632, and/or '087 Patents, including, but not limited to, demand letters and responses thereto and assertions of infringement.

**REQUEST NO. 33:**

All Communications or Documents relating to any attempts to license the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 34:**

All Communications or Documents relating to any actual or threatened litigation involving the '947, '316, '632, and/or '087 Patents or any other attempts to enforce or assert them.

12

**REQUEST NO. 35:**

All Communications or Documents relating to any actual enforcement or assertion proceedings of the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 36:**

All Communications or Documents relating to prosecution of the '947, '316, '632, and/or '087 Patents, including, but not limited to, patent prosecution files relating to the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 37:**

All Communications or Documents relating to foreign patent filings on behalf of Upaid.

**REQUEST NO. 38:**

All Communications or Documents relating to the valuation of the '947, '316, '632, and/or '087 Patents or damages analysis relating to Upaid's patent infringement claims against any party.

**REQUEST NO. 39:**

All Communications or Documents relating prior art searches in connection with the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 40:**

All Communications or Documents relating to Drew Chafetz or Marc Chafetz.

**REQUEST NO. 41:**

All Communications or Documents relating to the determination of inventor status for the '947, '316, '632, and/or '087 Patents.

**REQUEST NO. 42:**

All of Foley & Lardner LLP's invoices relating to its communications with Mambakkam, Govind and employees or former employees of Satyam in India or elsewhere.

13

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UPAID SYSTEMS, LTD.,<br>a British Virgin Island corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Misc. Action No. _____ |
| v. | )<br>) | |
| SATYAM COMPUTER SERVICES, LTD.,<br>an Indian corporation, and<br>RAGHURAM GOVINDACHARYULA | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ORDER

On this day, came on to be considered Upaid Systems, Ltd. and Non-Party Foley & Lardner LLP ("Movants") Motion to Quash, or in the Alternative, Modify Subpoena and Request for Protective Order issued to Foley & Lardner LLP in the above-styled and numbered cause of action.

The Court is of the opinion that Movants' argument is well taken.  It is, therefore, ORDERED that Movants' Motion to Quash, or in the Alternative, Modify Subpoena and Request for Protective Order is hereby GRANTED, and that the subpoena served on Foley & Lardner LLP on or about June 16, 2008, be quashed.

_____
United States District Judge

480622